# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

MICHAEL DEWAYNE ANDERSON, :
AIS 156270,
:
    Petitioner,
:
vs.                                                 CA 14-0046-KD-C
:
WILLIE THOMAS,
:
    Respondent.

## REPORT AND RECOMMENDATION

Michael Dewayne Anderson, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1.) This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that the instant petition be dismissed without prejudice due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).[1]

## FINDINGS OF FACT

According to the allegations gleaned from the instant petition, and other documents electronically maintained by this Court, *see Anderson v. Price,* CA 03-0358-BH-L, Anderson entered a counseled guilty plea to second-degree robbery in the Circuit Court of Mobile County, Alabama on October 18, 1982, and was sentenced to a suspended term of ten (10) years imprisonment. *Compare* Doc. 1, at 3 *with Anderson v.*

---

[1] In light of the contents of this report and recommendation, Anderson's motion to proceed without prepayment of fees and costs (Doc. 2) is **DENIED**.

*Price,* CA 03-0358-BH-L, Doc. 13, at 1-2.[2] Petitioner did not file a direct appeal of this conviction and sentence. *Compare Anderson v. Price,* CA 03-0358-BH-L, Doc. 13, at 2 *with* Doc. 1, at 3 (Anderson's use of "N/A" regarding most direct appeal questions).

Although Anderson has specifically indicated to this Court in the present petition that he did not file his first Rule 32 collateral petition in the Circuit Court of Mobile County, Alabama attacking his conviction and sentence until December 6, 2012 (*see* Doc. 1, at 4-6), it is clear from other documents in this Court's possession that petitioner's first Rule 32 petition collaterally attacking his conviction and sentence was filed in the state trial court on April 22, 1998, *Anderson v. Price,* CA 03-0358-BH-L, Doc. 13, at 2. Indeed, the trial court conducted an evidentiary hearing sometime in 1998 on Anderson's sole claim that the court was without jurisdiction to render judgment or impose sentence because the indictment was fatally defective and because second-degree robbery is not a lesser-included offense of first-degree robbery. *See id.* at 2-3. The Mobile County Circuit Court's denial of the petition, *id.* at 2, was affirmed on appeal,[3] the Alabama Court of Criminal Appeals specifically finding Anderson's "'claim of want of jurisdiction [] wholly without merit.'" *Id*. at 4 (citation omitted); *see also id.* at 2-3.

In the instant federal habeas corpus petition, Anderson specifically represents that he has never before filed a habeas corpus attack in regard to his second-degree robbery conviction (Doc. 1, at 10); however, this representation is demonstrably false. Anderson actually filed a petition seeking federal habeas corpus relief in this Court, pursuant to 28 U.S.C. § 2254, on June 5, 2003, "raising, in sum, the following claims: (1)

---

[2] "Petitioner was placed on probation, but the probation was later revoked." *Anderson v. Price*, CA 03-0358-BH-L, Doc. 13, at 2. As reflected in the petition, Anderson was placed on probation for a period of five years. (Doc. 1, at 3.)

[3] *Anderson v. State*, 768 So.2d 1029 (Ala.Crim.App. May 28, 1999) (table).

'[t]he trial court was without jurisdiction to impose the sentence or render judgement [sic][']; (2) '[v]oid indictment gives the trial court no jurisdiction to proceed[;]' and (3) '[i]llegal sentence.'" *Anderson v. Price,* CA 03-0358-BH-L, Doc. 13, at 4; *see also id.* at 8 ("Petitioner argues that the trial court did not have jurisdiction to render judgment or impose the sentence since he pled guilty to a change of second degree robbery but was only indicted on a charge of first degree robbery."). On August 27, 2003, Magistrate Judge Kristi D. Lee recommended that the petition be dismissed as time-barred. *See id.* at 5-9. Senior United States District Judge W.B. Hand adopted the Magistrate Judge's report and recommendation by order and judgment entered on September 25, 2003. *Anderson v. Price,* CA 03-0358-BH-L, Docs. 15-16. Anderson did not appeal this Court's denial of habeas relief. *See Anderson v. Price,* CA 03-0358-BH-L, Docket Sheet.

As made clear by Anderson, he filed at least one other Rule 32 petition in the Circuit Court of Mobile County, Alabama attempting to collaterally attack his conviction and sentence, this time on or about December 6, 2012. (Doc. 1, at 4; *see also id*. at 5-6.) This collateral petition was denied by the trial court and the denial of same was affirmed on appeal. (*See id*.)

Anderson filed the instant habeas corpus petition in this Court on or about January 30, 2014. (Doc. 1, at 11 (petition signed by Anderson).) Most of the claims petitioner seeks to raise in the instant petition—save his fatal variance and illegal sentence claims—are entirely different from those raised in his first federal habeas petition. *Compare* Doc. 1, Attachment, at 1-3 *with Anderson v. Price,* CA 03-0358-BH-L, Doc. 13, at 4 & 8.

## CONCLUSIONS OF LAW

A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other

pleading by the state." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999); *see Jackson v. Secretary for the Department of Corrections*, 292 F.3d 1347, 1349 (11th Cir. 2002) ("[W]e hold that the district court possessed the discretion to raise *sua sponte* the timeliness issue."); *Hill v. Braxton,* 277 F.3d 701, 705 (4th Cir. 2002) ("Even though the limitations period is an affirmative defense, a federal habeas court has the power to raise affirmative defenses *sua sponte,* as the district court did in this case."). Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254, Rule 4.

Pursuant to 28 U.S.C. §§ 2254 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999) (quoting 28 U.S.C. § 2244(b)(3)(A)), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). "[T]he petitioner first must obtain an order from the court of appeals authorizing the district court to consider" a second or successive petition because "[w]ithout authorization, the district court lacks jurisdiction to consider [such] second or successive petition." *United States v. Holt,* 417 F.3d 1172, 1175 (11th Cir. 2005) (citations omitted); *see also Tompkins v. Secretary, Department of Corrections,* 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), *cert. denied sub nom. Tompkins v. McNeil,* 555 U.S. 1161, 129 S.Ct. 1305, 173 L.Ed.2d 482 (2009).

4

The instant § 2254 petition, filed January 30, 2014, is clearly a successive petition,[4] yet there is nothing to indicate that Anderson filed an application with the Eleventh Circuit Court of Appeals seeking an order authorizing this Court to consider this petition. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) ("[The movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it."). Because petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file this his second federal habeas petition, nor been granted leave of that court to file another habeas corpus petition, this Court lacks jurisdiction to consider Anderson's request for relief, *compare id.* ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.") *with Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir.) ("Under 28 U.S.C. § 2244(b)(3)(A), the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition."), *cert. denied*, 520 U.S. 1203, 117 S.Ct. 1571, 137 L.Ed.2d 714 (1997). Accordingly, this cause is due to be dismissed, without prejudice, for want of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A). *Compare Tompkins, supra*, 557 F.3d at 1259 ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has

---

[4] A district court's dismissal of a petitioner's first habeas petition on statute of limitations grounds, as here, constitutes an adjudication on the merits for purposes of invoking the second or successive requirements of 28 U.S.C. § 2244(b)(3). *See Jordan v. Secretary, Department of Corrections,* 485 F.3d 1351, 1353 (11th Cir.) ("[I]n September of 2000, Jordan filed his first petition in federal court pursuant to 28 U.S.C. § 2254. The district court dismissed it with prejudice as untimely. He then filed another Rule 3.850 motion for collateral relief in the state trial court. After that motion was denied, Jordan in October of 2003 filed *pro se* an application in this Court seeking an order permitting him to file a second or successive § 2254 petition in the district court. . . . A panel of this Court found that Jordan had made out a prima facie case under 28 U.S.C. § 2244(b)(2)(B) for filing a second or successive petition in the district court and entered an order permitting him to do so."), *cert. denied sub nom. Jordan v. McDonough*, 552 U.S. 979, 128 S.Ct. 450, 169 L.Ed.2d 315 (2007).

obtained an order authorizing the district court to consider it.") *with United States v. Holt, supra,* 417 F.3d at 1175 ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.") *and Simmons v. Cummins,* 2010 WL 582091, *2 (M.D. Ala. Jan. 15, 2010) ("It is clear from the pleadings filed herein that Simmons has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. 'Because this undertaking [is Simmons'] second habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a second habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief.'"), *report and recommendation adopted,* 2010 WL 653691 (M.D. Ala. Feb. 17, 2010).[5]

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus

---

[5] The undersigned recommends that this Court dismiss without prejudice Anderson's present petition due to his failure to comply with § 2244(b)(3)(A), rather than transfer this matter to the Eleventh Circuit pursuant to 28 U.S.C. § 1631, *see Guenther, supra*, 173 F.3d at 1330-1331, n.4 ("We note that the cases from the Second, Sixth and Tenth Circuits cited in the preceding paragraphs did not analyze § 1631 or explain why it was appropriate authority for the transfer. Significant arguments can be made on either side as to the viability of § 1631, and a different result may occur depending upon whether the matter to be transferred is viewed as a § 2254 application or as a motion under § 2244(b)(3)(A) or as a motion to treat the § 2254 application as a motion under § 2244(b)(3)(A). Also, we note that there are concerns relating to the application of the plain language in 28 U.S.C. § 2244(b)(3)(A) requiring an applicant to move in the court of appeals '[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court.'"); *Dunn v. Singletary*, 168 F.3d 440, 441 n.1 (11th Cir. 1999) ("Immediately after the instant habeas corpus petition was filed, the district court dismissed it without prejudice on May 30, 1997, to allow Dunn to seek authorization from this court to proceed with this successive petition as required by § 2244(b)(3)(A)."), because his petition "in addition to being second or successive, [is] indisputably time-barred." *Guenther*, 173 F.3d at 1331.

petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1).  A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether  (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as the instant petition is unquestionably a successive pleading and Anderson's first federal habeas petition was denied on the merits as time-barred, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition, without prejudice, for want of jurisdiction or that Anderson should be allowed to proceed further, *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by petitioner, he may bring this argument to the

7

attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson*, CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States*, 2011 WL 3241817, *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), *report and recommendation adopted*, 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth*, 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge recommends that Michael Dewayne Anderson's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed without prejudice due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A). Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings*." *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the

objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the 7th day of February, 2014.

                                        s/WILLIAM E. CASSADY
                                        **UNITED STATES MAGISTRATE JUDGE**